# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 3:07CR372 |
| ) | |
| DERRELL BRUNSON, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
**(Denying § 2255 Motion For Failure To Sign Motion)**

Petitioner, a federal inmate proceeding *pro se*, submitted a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner, however, did not sign the § 2255 motion.

By Memorandum Order entered on May 4, 2011, the Court informed Petitioner that a § 2255 motion must "'be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.'" (May 4, 2011 Mem. Order (quoting Rule 2(b)(5), Rules Governing Section 2255 Proceedings for the United States District Courts).) The Court further informed Petitioner that the person who signed his § 2255 motion has not satisfied the requirements to be recognized as an authorized signatory to the motion. Accordingly, the Court required Petitioner to submit a corrected motion that conformed to the rules. The Court mailed a copy of Petitioner's § 2255 motion to Petitioner and directed Petitioner to sign the document. The Court provided Petitioner with eleven (11) days to do so. The Court informed Petitioner that failure to comply strictly with that time requirement would result in dismissal of the action.

More than eleven (11) days have passed, and Petitioner has not complied with the Court's order. Accordingly, the § 2255 motion will be denied. This action will be dismissed without prejudice.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 1, 2011
Richmond, Virginia