## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:07CR372 |
| ) | |
| DERRELL BRUNSON, ) | |
| ) | |
| Petitioner. ) | |

### MEMORANDUM OPINION
### (Granting Rule 59(e) Motion)

Petitioner, a federal inmate proceeding *pro se*, submitted a motion pursuant to 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Petitioner, however, did not

sign the § 2255 motion.

By Memorandum Order entered on May 4, 2011, the Court informed Petitioner

that "a § 2255 motion must 'be signed under penalty of perjury by the movant or by a

person authorized to sign it for the movant.'"  (May 4, 2011 Mem. Order (quoting Rule

2(b)(5), Rules Governing Section 2255 Proceedings for the United States District

Courts).)  The Court further informed Petitioner that the person who signed his § 2255

motion had not satisfied the requirements to be recognized as an authorized signatory to

the motion.  The Court mailed a copy of Petitioner's § 2255 motion to Petitioner and

directed Petitioner to sign and return the document within eleven (11) days after entry of

the May 4, 2011 Memorandum Order.  The Court advised that failure to comply strictly

with that time requirement would result in dismissal of the action.

Petitioner failed to timely submit a signed § 2255 motion.  Accordingly, the Court

denied Petitioner's § 2255 motion by Memorandum Opinion and Order entered June 1, 2011.

Petitioner subsequently submitted his signed § 2255 form and filed a motion to alter or amend the judgment under Rule 59(e).  In his Rule 59(e) motion, Petitioner requests that this Court's June 1, 2011 Memorandum Opinion and Order be vacated and that he be permitted to proceed with his § 2255 petition.

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment within twenty-eight days for three reasons:  "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'"  *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993)).  In other words, it is a means by which the district court can correct its own mistakes, thereby "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations omitted).

Petitioner here contends that he only received the May 4, 2011 Order on May 27, 2011.  He signed and mailed his petition on June 1, 2011.  Upon due consideration and to prevent manifest injustice, Petitioner's motion under Rule 59(e) will be granted.  The Court's June 1, 2011 Memorandum Opinion and Order will be vacated.  The Court will process Petitioner's § 2255 motion.

2

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____

Henry E. Hudson
United States District Judge

Date: Aug. 1, 2011
Richmond, Virginia